IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ulysses Hernandez-Martinez, | ) |
| | ) C/A No. 6:09-0936-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **O R D E R** |
| United States of America, | ) |
| | ) |
| Defendant. | ) |

At the time of the underlying complaint, Plaintiff Ulysses Hernandez-Martinez was an inmate in custody of the Federal Bureau of Prisons who was housed at FCI-Bennettsville in Bennettsville, South Carolina. Plaintiff, proceeding pro se, alleges that he was denied adequate medical care in violation of his constitutional rights. Thus, this action is brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge William M. Catoe for pretrial handling. On August 24, 2009, Plaintiff filed a "Motion to Leave This Case Open." In the motion, Plaintiff informed the court that he was due to be released from incarceration on September 1, 2009, and upon his release he was scheduled to be deported. On November 4, 2009, the Magistrate Judge issued an order granting Plaintiff sixty days to provide the court with a permanent address. On November 5, 2009, a copy of the order was sent to Plaintiff at FCI-Bennettsville, as well as to Stewart Detention Center, Post Office Box 248, Lumpkin, Georgia 31815. On November 16, 2009, both envelopes containing Plaintiff's copies of the Magistrate Judge's order was returned to the Office of the Clerk of Court marked "RETURN TO SENDER - NOT DELIVERABLE AS ADDRESSED - UNABLE TO FORWARD - INDIVIDUAL NO LONGER IN CUSTODY" (FCI-Bennettsville) and "NOT AT THIS FACILITY" (Stewart Detention Center).

On January 5, 2010, the Magistrate Judge issued a Report of Magistrate Judge in which he recommended that the complaint be dismissed with prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b). The envelope containing Plaintiff's copy of the Report of Magistrate Judge was returned to the Clerk of Court from FCI-Bennettsville on January 14, 2010, marked "RETURN TO SENDER - NO LONGER AT THIS ADDRESS."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff was instructed by order filed April 14, 2009 to keep the Clerk of Court advised in writing if his addressed changed for any reason. Plaintiff was informed that his case could be dismissed for failing to comply with the April 14, 2009 order. Nevertheless, Plaintiff has provided the court with no change of address. It appears that Plaintiff no longer wishes to pursue this action. The court concurs in the Magistrate Judge's recommendation. The within action is dismissed with prejudice pursuant to Rule 41(b).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
January 20, 2010.